UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITE HERE LOCAL 74, a labor organization, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.<br>) |
| v. | )<br>) |
| PINNACLE ENTERTAINMENT, INC., a Delaware corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiff UNITE HERE Local 74 ("Union"), by counsel, brings this complaint against Pinnacle Entertainment, Inc., and states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction by reason of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and to 28 U.S.C. § 1331 as the claims arise under the laws of the United States.

2. Venue lies within this judicial district pursuant to 28 U.S.C. § 1391.

### Parties

3. UNITE HERE Local 74 (hereinafter referred to as "the Union") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185.  The Union maintains an office and place of business within this judicial district.

4. Defendant Pinnacle Entertainment, Inc., is a Delaware corporation authorized to do business in Missouri. Pinnacle Entertainment is the owner of Casino One Corporation. Casino One Corporation is a Mississippi corporation which is authorized to conduct business in the State of Missouri, and is registered with the Missouri Secretary of State to conduct business under the name River City Casino. The above entities are referred to collectively hereinafter as "the Employer."

## Factual Background

5. On, or about May 17, 2006, the Union and the Employer entered into a Memorandum of Agreement ("MOA"). A copy of the MOA is attached hereto as Exhibit 1.

6. The MOA covered the Employer's employees at two separate facilities, referred to as "Complex 1" and "Complex 2." This action relates to a dispute at Complex 2, which is now known as the River City Casino.

7. The MOA at paragraph 4 states that the procedures set forth therein "shall apply separately to each Unit at each Complex, and any time frames (paragraph 17) and notice requirements (paragraphs 9, 10, and 11) shall run independently for each Unit."

8. Pursuant to paragraph 17 of the MOA, the MOA is in full force and effect with respect to Complex 2 from the date of execution of the MOA, which date is May 17, 2006 "until twenty-four months following the full public opening of that Complex."

9. Upon information and belief, the River City Casino experienced a full public opening on or about March 4, 2010.

10. The MOA provides as follows at paragraphs 9 and 10:

> 9. If the Union provides written notice to the Employer of its intent to organize Employees

2

        covered by this Agreement, the Employer shall provide access to its premises and to such Employees by the Union. The Union may engage in organizing efforts in non-public areas of the gaming facility during Employees' non-working times (before work, after work, and during meals and breaks) and/or during such other periods as the parties may mutually agree upon.

    10.    Within ten (10) days following receipt of written notice of intent to organize Employees, the Employer will furnish the Union with a complete list of Employees, including both full and part-time Employees, showing their job classifications, departments and addresses. Thereafter, the Employer will provide updated complete lists monthly.

11.    On or about March 5, 2010, the Union gave written notice of its intent to organize the persons employed at the River City Casino pursuant to paragraph 9 of the MOA, and requested access to this facility as set forth in paragraph 9 of the MOA and a list of employees as provided for in paragraph 10 of the MOA. See Exhibit 2 hereto.

12.    Pursuant to paragraph 10 of the MOA, the Employer was required to provide the requested list of employees, showing their job classifications, departments, and addresses, within ten (10) days of the notice described in paragraph 11, above, i.e., on or before March 15, 2010.

13.    Paragraph 16 of the MOA provides for binding arbitration of any disputes over the interpretation or application of the MOA.

14.    By failing to provide the requested list of employees, the Employer violated the MOA.

15. On or about March 16, 2010, the Union demanded that the Employer proceed to arbitration on the Union's contention that the Employer violated the MOA by failing to provide the above-referenced employee list.  See Exhibit 3 hereto.

16. The Employer has failed and refused to submit this matter to arbitration.

## Legal Claim

17. The Employer has breached the MOA by refusing to submit this dispute to binding arbitration in violation of Section 301 of the LMRA, 29 U.S.C. § 185.

## Request for Relief

WHEREFORE, the Union requests the following relief:

a) An order compelling the Employer to proceed to binding arbitration, in the manner provided for in the MOA, in regard to the Union's claim that the Employer has violated the MOA;

b) An award to the Union of its costs and fees; and

c) Such other and further relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    HAMMOND AND SHINNERS, P.C.
    7730 Carondelet, Suite 200
    St. Louis, Missouri 63105
    (314) 727-1015 (Phone)
    (314) 727-6804 (Fax)
    gcampbell@hammondshinners.com

    GREG A. CAMPBELL #35381
    Attorneys for Plaintiffs

        HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
jmartin@hammondshinners.com

_____

JANINE M. MARTIN, #55240
Attorneys for Plaintiff